UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

ROBERT S. MELILLO and :
ARTHUR MAYO, JR., on behalf of :
themselves and all others similarly situated, :
 :
    Plaintiffs, :
 :
    v. : File No. 1:12-cv-16-jgm
 :
BUILDING PRODUCTS :
OF CANADA CORP., :
 :
    Defendant. :
_____ :

# MEMORANDUM AND ORDER
(Doc. 46)

Objectors Howard Churwin, Kathryn Bowry, Harold L. Schwartz, Maureen Tully, and Warren Arndt (collectively, "Objectors") move for a protective order precluding their depositions by counsel to plaintiffs and class representatives Robert S. Melillo and Arthur Mayo, Jr. (collectively, "Plaintiffs"). (Doc. 46.) The Objectors are also plaintiffs in pending purported class actions against Building Products of Canada Corp. transferred to this Court in May and June 2012. See D. Vt. Case Nos. 1:12-cv-109; 1:12-cv-115; 1:12-cv-135; 1:12-cv-143.

Plaintiffs commenced this products liability class action against Defendant Building Products of Canada Corp. in Vermont state court in June 2011. (Doc. 7.) The case was removed to this Court in January 2012. (Doc. 1.) In February, the parties filed a stipulated motion for preliminary approval of class action settlement (Doc. 14) which the Court granted in July. (Doc. 27.) The final settlement approval hearing is scheduled for December 12, 2012.

On October 22, 2012, the Objectors filed an objection to the proposed class settlement. (Doc. 37.) Shortly thereafter, Plaintiffs noticed depositions of the Objectors to take place in

Boston, at their counsel's offices, or another agreed place, on November 12-13. (Doc. 52-2.) On November 5, 2012, after a brief exchange of emails (Doc. 52-4), Objectors filed this motion for protective order under Federal Rule of Civil Procedure 26(c) (Doc. 46) which both Plaintiffs and Defendant oppose. (Docs. 52, 53.)

The Objectors argue deposition testimony will not serve any legitimate purpose at this stage of the litigation, submission to a deposition is not a requirement for objecting to the proposed settlement, and Plaintiffs' purpose in seeking to depose the Objectors may be to harass and discourage the Objectors. (Doc. 47.)

The Federal Rules of Civil Procedure do not provide for such discovery as interrogatories, document requests, and requests for admissions from absent class members as "parties" in a class action; Rule 23(d), however, grants federal courts general authority over conducting class actions. In re Publication Paper Antitrust Litig., No. 3:04-MD-1631, 2005 WL 1629633, at *1 (D. Conn. July 5, 2005). Rule 30 also provides that a party may depose <u>any</u> person. Fed. R. Civ. P. 30(a)(1). Though the general intention of Rule 23 is to allow unnamed class members to remain passive, here the Objectors have filed separate actions against the same Defendant, sought to have those actions consolidated with, and filed a comprehensive objection to the proposed settlement in the class action. The Objectors intend to appear at the Final Approval Hearing through their counsel. (Doc. 36.)

Accordingly, the Court, in its discretion, finds it appropriate to allow limited depositions of each Objector to "prevent undue repetition or complication in presenting evidence or argument" at the Final Approval Hearing. Fed. R. Civ. P. 23(d)(1). Each deposition shall be limited to: (1) a maximum duration of 90 minutes, and (2) the subjects of the basis of the

objection and deponent's understanding of the proposed settlement. Further, the depositions shall be conducted at a time and location, and taken in a manner, agreed to by the Plaintiffs and Objectors. The Court suggests, for example, if deposing Mr. Arndt, the Objector who lives in Michigan, is inconvenient, the deposition be held by telephone.

The motion for protective order filed by the Objectors (Doc. 46) is DENIED. The Final Approval Hearing will be held as scheduled on Wednesday, December 12, 2012, at 10:00 a.m, in Brattelboro, Vermont.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of November, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge