UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| ROBERT S. MELILLO and <br> ARTHUR MAYO, JR., on behalf of <br> themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BUILDING PRODUCTS <br> OF CANADA CORP., <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : File No. 1:12-CV-16 <br> : <br> : <br> : <br> : <br> : <br> : |

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The parties, Robert S. Melillo and Arthur Mayo, Jr., on behalf of themselves and all others similarly situated, and Building Products of Canada Corp., entered into a class action settlement agreement, see Doc. 14-3, on January 18, 2012 intended to resolve the litigation pending in this Court. On July 2, 2012, the Court issued an Order for Preliminary Approval of Class Action Settlement preliminarily certifying a class for settlement purposes, appointing lead counsel for the class, directing the issuance of notice to the class, and scheduling a fairness hearing. (Doc. 27.)

This matter comes before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. 64). The Court has carefully considered the motion and the declaration and exhibits filed in support of the motion as well as the balance of the record in this case, including the arguments presented in Court at the fairness hearing on December 12, 2012. The Court finds as follows:

1.      Notice of the proposed Settlement has been given to the Settlement Class in accordance with Section 9 of the Settlement Agreement.  This notice complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of 28 U.S.C. § 1715 and due process, is the best notice practicable under the circumstances, and constituted due and sufficient notice of the Settlement, Final Approval Hearing, and other matters referred to in the Notice.

2.      Settlement Class Members have timely requested exclusion from the Settlement Class.

3.      Class Counsel and Counsel for Defendant Building Products of Canada Corp. ("Building Products" or "Defendant"), after extensive factual investigation and discovery, have engaged in arm's length and protracted good faith negotiations, and these negotiations have resulted in the proposed Settlement as set forth in the Settlement Agreement.

4.      Class Counsel have represented to the Court that they believe the Settlement to be fair, reasonable, and adequate.

5.      One objection from five objectors to the Settlement Agreement has been withdrawn (Docs. 37, 63).

6.      Four Settlement Class Members have opted out of the Settlement Class.  The parties and the Court have considered these opt-outs and have determined that this number of opt-outs does not threaten the essential purpose of the Settlement Agreement.

7.      In this litigation, Plaintiffs contend that organic-based shingles manufactured by Defendant Building Products are defective and prone to premature failure and otherwise do not perform in accordance with the reasonable expectations of users.  Building Products denies these

allegations and asserts that the BP Organic Shingles were sold without defects.  There are substantial grounds for difference of opinion regarding these issues of liabilities and remedies.  The proposed Settlement of the litigation constitutes a resolution of those issues that is fair, reasonable, and adequate to members of the Settlement Class.

8. The Court further finds and determines, under Rule 23(a) of the Federal Rules of Civil Procedure, those persons who are members of the Class are so numerous that joinder is impracticable, there are issues of law or fact common to the Class, the claims of the Plaintiffs are typical of the Class, and Plaintiffs and Class Counsel have fairly and adequately represented the interests of the members of the Class in enforcing their rights in the Action.  The Court also finds under Rule 23(b)(3) of the Federal Rules of Civil Procedure, questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the subject matter of the U.S. Action.

Accordingly, the Court orders as follows:

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. This Court has jurisdiction over the subject matter of this litigation (and all actions and proceedings related thereto), and over the Plaintiffs, all U.S. Class Members, and Defendant.  This Court shall not make any order or give any direction in respect of any matter unless that order is conditional upon a complementary order or direction being made or given by the other Courts with which it shares jurisdiction over that matter.

3. The terms of the parties' Agreement Of Compromise And Settlement (the "Settlement Agreement") are hereby finally approved and are found to be fair, reasonable and adequate as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act, and other applicable law. The Settlement Agreement should be implemented in accordance with its terms.

4. The Settlement Agreement is approved as fair, reasonable, and adequate under Rule 23 of the Federal Rules of Civil Procedure, and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

5. The form and manner of notice given to the Settlement Class Members fairly and adequately informed them of all material elements of the U.S. Action and the proposed Settlement Agreement constituted sufficient notice to the Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and due process requirements.

6. Under Rule 23 of the Federal Rules of Civil Procedure, the Court confirms its previous conditional certification of the following U.S. Settlement Class for purposes of settlement:

> All individuals and entities, that own or owned, homes, residences, buildings, or other structures located in the United States whose roofs contain or contained BP Organic Shingles.
>
> Excluded from the U.S. Settlement Class are:
>
> (a) all persons who timely exercised their rights under Fed. R. Civ. P. 23 and opted out of the Settlement Class pursuant to the terms of the Settlement Agreement;
>
> (b) all persons who filed a claim concerning their BP Organic Shingles in any court of law and whose claim has been resolved with a final judgment or settlement, whether or not favorable to the person; and

      (c)      the Defendant, any entity in which the Defendant has a controlling interest, any entity that has a controlling interest in the Defendant, and the Defendant's legal representatives, assigns, and successors.

7.      All persons within the definition of the Settlement Class are hereby determined to be the "Settlement Class Members."

8.      Upon entry of this Order and Judgment, the Settlement Class Members, and all and each of them, are hereby bound by the terms and exclusive remedies related to BP Organic Shingles set forth in the Settlement Agreement.  No claims shall be cognizable under the Settlement Agreement after expiration of the period specified for warranty coverage that pertains to the BP Organic Shingles, as identified in Exhibit A to the Settlement Agreement, of the Settlement Class Member making the claim.

9.      All actions by Settlement Class Members against Building Products are dismissed without costs and with prejudice with respect to any claims asserted in the complaints by or on behalf of any Settlement Class Member concerning BP Organic Shingles.

10.      All Settlement Class Members who have not properly and timely opted out of the U.S. Settlement Class under the terms of the Settlement Agreement shall be:

      a.      deemed Settlement Class Members for all purposes under the Settlement Agreement;

      b.      bound by the terms of the Settlement Agreement (including, without limitation, any and all releases);

      c.      deemed to have submitted to the jurisdiction of the Court;

      d.      bound by any subsequent proceedings, orders, or judgments issued by the Court in this litigation;

  e. deemed to have released and forever discharged, on behalf of themselves and their respective agents, heirs, executors, administrators, successors, attorneys, representatives, and assigns ("Releasing Parties"), the Defendant, and its predecessors, successors, present or former parents or subsidiaries, affiliates, related parties, officers, directors, employees, agents, attorneys, representatives, suppliers, distributors, vendors and assigns, from each and every claim of liability, including relief under federal law or the law of any state which arises out of Damage to BP Organic Shingles, including without limitation all claims or liability on account of or related to Damage to BP Organic Shingles, which were alleged or could have been alleged in the Actions, and all claims for penalties, punitive damages, exemplary damages, statutory damages, damages based upon a multiplication of compensatory damages, court costs, or attorneys' fees or expenses, which might otherwise have been made in connection with any claim relating to Damaged BP Organic Shingles; and

  f. barred from commencing, initiating, continuing, maintaining, asserting, or prosecuting, either directly or indirectly on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any Released Party in respect of the claims released under section 15.1 of the Settlement Agreement or any matter related thereto, except in accordance with the Settlement Agreement.

11. The Settlement Class Members reserve any and all other claims and causes of action against any and all other persons or entities who are not parties to the Settlement Agreement, but such reservation creates no basis for a claim of indemnification or contribution, however denominated, by the non-party against the Released Parties, as Settlement Class

Members have released all claims on which liability could be found against the Released Parties, and this provision is solely intended to preserve a Settlement Class Member's ability to seek relief against the non-party.  This Release shall apply to all related subrogation claims of the Settlement Class Members' subrogees or insurance carriers.

12. No Settlement Class Member shall recover, directly or indirectly, any sums for claims released by operation of the Settlement Agreement from the Released Parties, other than sums received under the Settlement Agreement, and Releasees shall have no obligation to make any payments to any non-parties for liability arising out of claims released by operation of the Settlement Agreement.

13. In any action brought by a Settlement Class Member against any non-party arising out of or related to Damage to BP Organic Shingles, should any such non-party sued by a Settlement Class Member file a claim or cause of action against any Released Party for contribution or indemnification, however denominated, arising out of or related to Damage to BP Organic Shingles, the Settlement Class Members shall be deemed to have agreed to reduce or remit any judgment against the non-party by the percentage, amount, or share necessary under applicable law to fully discharge and relieve the Released Parties of liability to the non-party for claims for contribution and indemnification, however denominated.

14. The provisions of the Settlement Agreement and any Claim thereunder constitute a good faith settlement under California Civil Code sections 877 and 877.6 and comparable laws in other states.  Plaintiffs, Class Counsel, and Settlement Class Members shall cooperate fully in any effort of the Released Parties to establish such good faith settlement before any court (including, without limitation, by joining in any motion or other procedure and providing

declarations and other evidence to establish such good faith settlement where requested by any Released Party) and that all payments made under the Settlement Agreement relate to claims arising out of or related to BP Organic Shingles.

15. If any release given by the Settlement Class Members is not given its full effect by operation of law, then the Settlement Class Members shall be deemed to have and do hereby transfer and assign to Released Parties all claims, if any, that were deemed not released, to the extent necessary to effectuate the intent of the release.

16. Class Counsel shall cooperate with Released Parties to ensure that the releases set forth in this Order are given their full force and effect and that Settlement Class Members comply with their obligations set forth in the Settlement Agreement.

17. In the event that any Settlement Class Member seeks to invoke California Civil Code section 1542, which provides that "a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known to him must have materially affected his settlement with the debtor" or any other like provision of law in connection with BP Organic Shingles, the Releasing Parties and each of them now expressly waive the provision of California Civil Code section 1542 (and all other like provisions of law) to the full extent that these provisions may be applicable to the Release. Each of the Settlement Class Members is deemed to have assumed the risk that facts additional, different, or contrary to the facts, which each believes or understands to exist, may now exist or may be discovered after the Settlement Agreement becomes effective. Each of the Settlement Class Members is deemed to have agreed that any such additional, different, or contrary facts

shall in no way limit, waive, or reduce the foregoing release, which shall remain in full force and effect.

18.     Upon the occurrence of the Effective Date of the Settlement, Defendant shall pay Class Counsel's fair and reasonable fees and reimbursement of costs and expenses in the amount of CDN (Canadian) $2.4M.  Defendant shall have no further obligation in respect of the present or future legal fees, disbursements, or taxes of counsel for the Plaintiffs in the Actions.

19.     In addition Defendant shall pay the U.S. Class Representatives, Mr. Robert Melillo and Mr. Arthur Mayo, Jr., incentive awards of US $5,000 each based on their role in the litigation.  The U.S. Class Representatives volunteered to serve the U.S. Class, kept abreast of the litigation, made their homes available for inspection, and made themselves available for depositions as needed.  These awards are reasonable and the law recognizes that it is appropriate to make awards in this range in recognition of the services that the U.S. Class Representatives performed in this Class litigation.

20.     Consummation of the settlement shall proceed as described in the Settlement Agreement and the Court retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order related to the U.S. Class as defined in the Settlement Agreement and this Order.  The Court retains continuing and exclusive jurisdiction for purposes of supervising the implementation of the Settlement Agreement and to interpret and enforce the terms, conditions, and obligations of the Settlement Agreement and the Court's orders and judgments.  In the event of a breach by Building Products or a U.S. Settlement Class Member under the Settlement Agreement, the Court may exercise all equitable powers over Building Products or the Class

Member to enforce the Settlement Agreement and the Final Order and Judgment irrespective of the availability or adequacy of any remedy at law. The powers include, among others, the power of specific performance, contempt, and injunctive relief.

21.     Final judgment shall be entered as provided herein.

22.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement is or may be deemed to be evidence of an admission or a concession on the part of Defendant of any fault, wrongdoing, or liability whatsoever, or that any of the allegations in the Actions are true, and without conceding any infirmity in their defenses, Defendant considered it desirable to enter into the Settlement Agreement in order to avoid further expense, dispose of what would be burdensome and protracted litigation, and avoid the uncertain outcome of proceeding with the Actions.

23.     In the event the Settlement Agreement does not become effective or is terminated, or is disapproved by any appellate court, then:

      a.     the certification of the Settlement Class shall be vacated;

      b.     the Settlement Agreement and this Order for Final Judgment shall become null and void and of no further force and effect;

      c.     the Settlement Agreement and all negotiations, statements, communications, proceedings, and documents relating thereto, and the fact the Parties agreed to the Settlement Agreement, shall be without prejudice to the rights of any Settling Party and shall not be used for any purpose whatsoever in any subsequent proceeding in the Actions or in any

other action in any court or tribunal, and shall not be construed as an admission or concession by any Party of any fact, matter, allegation, or proposition of law; and

    d. the Settling Parties shall be restored without prejudice to their respective positions as if the Settlement Agreement had not been negotiated, made, or filed with any of the Courts, including but not limited to reservation of defenses including improper service and lack of personal jurisdiction.

  SO ORDERED.

  Dated at Brattleboro, in the District of Vermont, this 19th day of December, 2012.

            /s/ J. Garvan Murtha
            Honorable J. Garvan Murtha
            United States District Judge